IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,     :
    Petitioner   :
          :
  v.        : No. 221 M.D. 2020
          :
Office of Administration,   :
    Respondent : Submitted: July 15, 2022

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM         FILED: October 20, 2022

Before this Court are the Governor's Office of Administration's (OA) Preliminary Objections to the "Request for an Order in Mandamus to Compel Adherence to Subpoena *Duces Tecum*" (Petition) filed by Sean M. Donahue in this Court's original jurisdiction. In his *pro se* Petition, Mr. Donahue asks this Court to compel OA to produce documents requested in a Subpoena *Duces Tecum* (Subpoena) issued by the State Civil Service Commission (Commission) on January 15, 2020. For the reasons that follow, we sustain OA's Preliminary Objection challenging Mr. Donahue's standing and dismiss the Petition.

## Background

This original jurisdiction matter arises from an administrative appeal before the Commission (Appeal No. 30412), in which Mr. Donahue challenged OA's determination that he was ineligible for an employment position with the Department of Human Services (DHS). In his underlying appeal, Mr. Donahue asserted that DHS discriminated against him based on his national origin and engaged in disparate treatment in its hiring process.

On January 8, 2019, Mr. Donahue filed a Request for Subpoena *Duces Tecum*

with the Commission, seeking information relating to recent applicants for positions with DHS's Luzerne County Assistance Office, as well as information about the individuals who have sought welfare and other forms of assistance from that office. The Commission granted Mr. Donahue's request in part and issued subpoenas to both DHS and OA on January 15, 2020.[1]  Mr. Donahue served the Subpoena on OA on January 21, 2020.

---

[1] The Subpoena directed OA to produce the following documents:

1. The number of applicants who sought welfare and any other form of assistance from the Hazleton County Assistance Office during each quarter for the years 2018 through the present who spoke English;

2. The number of applicants who sought welfare and any other form of assistance from the Hazleton County Assistance Office during each quarter for the years 2018 through the present who only spoke Spanish;

3. The number of applicants who sought welfare and any other form of assistance from the Hazleton County Assistance Office during each quarter for the years 2018 through the present who spoke English but preferred to speak Spanish;

4. The identity of each employee hired to fill an open Spanish language Income Maintenance Caseworker position in the Hazleton County Assistance Office for the years 2018 through the present;

5. The identity of each employee hired to fill an open English language Income Maintenance Caseworker position for the years 2018 through the present;

6. Please list each Spanish speaking Income Maintenance Caseworker position that was filled from the year 2018 through the present;

7. Please list each English-speaking Income Maintenance Caseworker position that was filled from the year 2018 through the present;

8. Any and all job announcements used to fill the Income Maintenance Caseworker position in the Hazleton County Assistance Office from 2018 through the present and identify whether the position is Spanish or English speaking.

**(Footnote continued on next page…)**

On February 24, 2020, OA responded to the Subpoena, stating that OA "does not possess, maintain, or control documents responsive to the Subpoena" requests. Donahue Pet., Attach., Bates Stamps 13-17.

On February 26, 2020, Mr. Donahue filed the instant Petition with this Court, seeking "a [writ of mandamus] that compel[]s OA to provide copies of the documents and records that are responsive to the [S]ubpoena." Donahue Pet. ¶ 11. In his Petition, he asserts that "[the Commission] lacks the authority to enforce a subpoena" and that "the subpoenaed records are essential for [Mr. Donahue] to prove his case before [the Commission]." *Id.*

On April 27, 2020, OA filed its Preliminary Objections to the Petition, seeking dismissal of the Petition for failure to state a claim and lack of standing. Mr. Donahue filed an Answer to the Preliminary Objections on April 29, 2020. Both parties have also filed supporting briefs with this Court.

## Analysis

We will address OA's standing objection first, because we conclude that it is dispositive of this matter.[2]

---

Donahue Pet., Attach. 1. The Commission's Subpoena to DHS was identical to its Subpoena to OA. In its cover letter to Mr. Donahue accompanying the Subpoenas, the Commission stated: "The scope of the documents sought has been limited to the period 2018 to the present. Items 6 and 9 of your request are denied because you have not provided sufficient information explaining how these requests are connected to your appeal." *Id.*

[2] Our Court has stated:

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. [We] need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

**(Footnote continued on next page…)**

This Court has recognized that "*[s]tanding may be conferred by statute* or by having an interest deserving of legal protection." *Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 903 A.2d 117, 122 (Pa. Cmwlth. 2006) (emphasis added). "In determining whether a party has standing, a court is concerned *only with the question of who is entitled to make a legal challenge* and not the merits of that challenge." *Id.* (emphasis added).

In considering this issue, we are guided by our recent decision in a related original jurisdiction case, *Donahue v. State Civil Service Commission* (Pa. Cmwlth., No. 84 M.D. 2020, filed October 21, 2020), wherein Mr. Donahue sought, via a mandamus petition, to compel enforcement of the Subpoena issued to DHS in Appeal No. 30412. DHS filed Preliminary Objections asserting that Mr. Donahue failed to state a legally sufficient claim for mandamus relief. In sustaining DHS's Preliminary Objections, we concluded as follows:

> The statute commonly known as the Civil Service Reform Act (Act), 71 Pa. C.S. §§ 2101-3304, expressly authorizes the Commission to seek judicial enforcement of its subpoenas. Specifically, Section 3102(c) of the Act states: "A judge of a court of record shall, *upon proper application of the [C]ommission*, *compel* the attendance of witnesses, *the production of books and papers* and the giving of testimony before the [C]ommission by attachment for contempt, or otherwise, in the same manner as production of evidence may be compelled before the court." 71 Pa. C.S. § 3102(c) (emphasis added); *see also* 4 Pa. Code § 105.14a (outlining the procedure for a litigant before the Commission to request and obtain subpoenas).

> Thus, under the plain language of the Act, the Commission – not Mr. Donahue – has the legal right to seek judicial enforcement of the Subpoena. *See also Pa. Human Rel[s.] Comm'n v. Lansdowne Swim Club*, 526 A.2d 758, 760 (Pa. 1987) ("In a subpoena enforcement

---

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted) (alteration added).

4

proceeding, the action is brought *by an agency of the Commonwealth . . . .*") (emphasis added); *In re Subpoena of Pa. Crime Comm'n*, 309 A.2d 401, 404 (Pa. 1973) (noting that private individuals "cannot contest the validity of the subpoena *until the [Crime] Commission invokes enforcement procedures* in either the Courts of Common Pleas or the Commonwealth Court," as there is a "specific statutory remedy" for the Crime Commission to seek enforcement of its subpoenas) (emphasis added). Therefore, we conclude that Mr. Donahue has not established a clear legal right to relief.

*Donahue*, slip op. at 5-6 (internal footnote omitted). While we did not base our ruling in that case on lack of standing, we nonetheless determined that only the Commission may seek judicial enforcement of its subpoenas under the Act.

In his Answer to the Preliminary Objections, Mr. Donahue asserts that "[the Commission] is incapable of enforcing its own subpoenas," citing *Mondevergine v. Civil Service Commission*, 529 A.2d 1180 (Pa. Cmwlth. 1987). Donahue Ans. to Prelim. Objs. ¶ 5; *see also* Donahue Pet. ¶ 8. We conclude, however, that Mr. Donahue's reliance on *Mondevergine* is misplaced, for the same reason as in the prior *Donahue* case. In *Donahue*, we stated:

> *Mondevergine* involved a subpoena issued by the Civil Service Commission of the City of Philadelphia (City), not the State Civil Service Commission. Unlike the State Civil Service Commission, whose authority to seek enforcement of its subpoenas is expressly governed by the Act, the authority of the City's Civil Service Commission to enforce subpoenas is not governed by statute, but by the City's Home Rule Charter. We explained in *Mondevergine* that, under the City's "Home Rule Charter, a party wishing to enforce a subpoena [issued by the City's Civil Service Commission] for the production of documents must seek such enforcement through the Court of Common Pleas of Philadelphia County." *Id.* at 1185. As such, *Mondevergine* is factually distinguishable from this case. *Mr. Donahue cites no other statute or precedent that authorizes him to seek judicial enforcement of the Commission's Subpoena in this Court.*

5

*Donahue*, slip op. at 6-7 (emphasis added). Likewise, in this case, Mr. Donahue cites no legal authority for his assertion that he is entitled to seek judicial enforcement of the Subpoena in this Court.[3]

In sum, we conclude that the Act does not permit a party to a civil service appeal to seek judicial enforcement of a subpoena issued by the Commission; only the Commission may do so. Therefore, we agree with OA that Mr. Donahue lacks standing to bring this enforcement action against OA.

## Conclusion

Accordingly, because we conclude that Mr. Donahue lacks standing, we sustain OA's Preliminary Objection on this issue and dismiss Mr. Donahue's Petition.

---

[3] Mr. Donahue asserts in his brief that the Commission "refused" to file an enforcement proceeding, thereby necessitating his filing of the present Petition. *See* Donahue Br. in Opp'n to Prelim. Objs. at 20, 22. However, as in the prior *Donahue* case, "there is no indication in the record that Mr. Donahue asked the Commission to pursue an enforcement proceeding, or even inquired with the Commission about judicial enforcement, before he filed this [Petition]." *Donahue*, slip op. at 7 n.6.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,            :
           Petitioner      :
                           :
        v.                :  No. 221 M.D. 2020
                           :
Office of Administration,   :
           Respondent  :

**PER CURIAM**

# **O R D E R**

AND NOW, this 20th day of October, 2022, we hereby SUSTAIN the Office of Administration's Preliminary Objection challenging Sean M. Donahue's standing and DISMISS Mr. Donahue's "Request for an Order in Mandamus to Compel Adherence to Subpoena *Duces Tecum.*"